**GENERAL MILLS, INC., a Delaware corporation, Plaintiff,**

**v.**

**Nicholas WALLNER and Peter S. Redfield, Defendants.**

No. Civ. 3–5–1529.

United States District Court,
D. Minnesota,
Third Division.

March 6, 1986.

J. David Jackson, James E. Dorsey, Dorsey & Whitney, Minneapolis, Minn., for plaintiff.

Mark R. Miller, Hessian, McKasy & Soderberg, Roger Montgomery, Minneapolis, Minn., Terry M. Gordon, Lasky, Haas, Cohler & Munter, San Francisco, Cal., for defendants.

## MEMORANDUM & ORDER

DEVITT, District Judge.

The issue in this action for contribution, raised by defendants' motion for summary judgment, is whether the undisputed facts show defendants to be co-sureties of the same debt. We agree with defendants that this case is ripe for summary judgment. The unambiguous terms of the guaranties entitle defendants to judgment as a matter of law. Accordingly, we grant defendants' motion.

This action arises out of defendants' leveraged buy-out of plaintiff's company, H.E. Harris & Co. Defendants formed a corporation, H.E.H. Associates, for the purpose of acquiring and operating H.E. Harris. H.E.H. Associates made a $4,500,000 cash downpayment and executed three notes for the remainder of the $8,480,000 purchase price. The downpayment was provided through a line of credit with Maryland National Industrial Finance Corporation (Maryland National). As security for the loan, Maryland National required a prior security interest in the purchased assets as well as separate personal guaranties from plaintiff and from defendants, Nicholas Wallner and Peter Redfield. Both guaranties were executed on the day of the closing, August 25, 1982, along with a Collateral Security Agreement (Agreement)

and several other agreements among the interested parties.

In late 1984, Maryland National brought suit against General Mills to enforce its rights under General Mills' guaranty. The United States District Court for the Middle District of Pennsylvania granted Maryland National's motion for summary judgment and dismissed General Mills' third party complaint against Wallner and Redfield for lack of personal jurisdiction. General Mills now seeks contribution from Wallner and Redfield as co-guarantors in the amount of $1,306,666—two-thirds the amount General Mills has allegedly paid Maryland National. To date, defendants have paid nothing on their guaranty.

A contract of guaranty is construed according to the intention of the parties as determined by a reasonable interpretation of the language used. *Paul Revere Protective Life Ins. Co. v. Weis,* 535 F.Supp. 379, 386 (E.D.Pa.1981); *accord Victory Highway Village, Inc. v. Weaver,* 480 F.Supp. 71, 75 (D.Minn.1979). Where instruments are expressly or impliedly incorporated into the guaranty, they should be read together and construed with reference to each other. *See* 535 F.Supp. at 387. *See generally* 4 S. Williston, *A Treatise on the Law of Contracts* § 628 (1961). Unless there is an ambiguity, the documents speak for themselves. *See id.* § 609, at 412.

Three documents are material to this action: plaintiff's guaranty, defendants' guaranty, and the Collateral Security Agreement. The parties' guaranties contain many identical provisions [1] and both contain references to an agreement signed at the closing. Each contains a distinct liability provision. Plaintiff agreed to pay the lesser of $2,500,000 or an amount figured with reference to Maryland National's loan agreement with H.E.H. Associates. Defendants' guaranty was limited to the difference between the total of H.E.H. Associates' liabilities and "the amount, if any, finally recovered by [Maryland National]

---

**1.** Among other provisions, both guaranties state that Pennsylvania law governs and that they are

enforceable independent of other guaranties.

from General Mills, Inc. under the Guaranty of General Mills, Inc. of even date herewith." The Collateral Security Agreement, to which plaintiff was a party, expressly states that any payment by plaintiff on its guaranty with Maryland National will create a security interest in favor of plaintiff. The agreement contains numerous provisions regarding the rights of the secured parties, debtors, and pledge holder.

 The parties raise various arguments on the effect of the Agreement on plaintiff's right to contribution. After careful study of the Agreement's terms, we conclude they do not affect plaintiff's action for contribution. The Agreement sets out the rights of the parties vis-a-vis the secured obligation.[2] Although plaintiff's security interest derived from its payment on the guaranty, it does not follow that the security agreement nullifies the guaranty. Any rights under the security agreement are additional to those under the guaranty.

Plaintiff's claimed right of contribution is premised on the parties characterization as co-sureties. Plaintiff is not a party to defendants' guaranty, however, as is the reverse true for plaintiff's guaranty. Where the parties are guarantors by separate instruments, they are liable for contribution only if the debt for which they are liable is the same. 38 C.J.S. *Guaranty* § 38 (1943); *see also State of Arkansas v. Pufahl*, 52 F.2d 116, 120 (8th Cir.1931). If the guaranties are of separate obligations, although arising out of the same transaction, the guarantors are not co-sureties and have no right to contribution. Obligations are separate where the guarantors are bound for different portions of the same debt. *Id.*

Reading the obligations of the guarantors together, it is readily apparent that there is no overlap. Defendants agreed to guarantee only that amount of H.E.H. Associates' liabilities not recoverable from plaintiff. Under the two liability provisions, Maryland National cannot recover the same portion of the debt from both guarantors.

Summary judgment is appropriate for disputes involving interpretation of unambiguous contracts. *Howard v. Russell Stover Candies, Inc.*, 649 F.2d 620, 623 (8th Cir.1981). Having viewed the facts in the light most favorable to plaintiff, we nevertheless conclude that there exists no genuine issue of material fact for trial. The plain language of the guaranties entitles defendants to judgment as a matter of law.

Based on submitted memoranda, oral arguments, affidavits, and all files, records and proceedings herein,

IT IS ORDERED:

Defendants' motion for summary judgment, Clerk's Entry No. 5, is GRANTED.

---

**2.** Since this is not an action on the secured obligation, the provisions of the Collateral Security Agreement, including the attorneys' fees provision, are inapplicable.